OPINION OF THE COURT
Per Curiam.
Order and final judgment entered April 8, 1997 reversed, *597 with $30 costs, and final judgment of possession granted in favor of landlord on the holdover petition.
In this holdover proceeding based upon nonprimary residence, the parties submitted the matter for determination upon an agreed statement of facts. Those facts demonstrate that the controlled tenant has not resided in the subject apartment at East 69th Street since June 1995, having resided in a health care facility for approximately one year, and then at an address in Elmhurst, Queens. The stipulation further indicates that the tenant has not filed resident tax returns or voted from the Manhattan address since 1995. No telephone or cable television service is provided to the apartment, and utility service is at a bare minimum.
On this record, Civil Court erred in dismissing the petition upon the ground that “there is no evidence presented to state that respondent shall be unable to return to the premises”. The parties charted their own procedural course in submitting the case, and tenant failed to make any representation as to his intention or ability to resume occupancy of the controlled premises. Where there has been a prolonged absence from the apartment, a vaguely articulated intent to return at some unspecified time in the future is insufficient to defend a nonprimary residence claim (London Terrace Gardens v Sacks, NYLJ, Feb. 2,1993, at 21, col 3 [App Term, 1st Dept]; Rockledge Equities v Michaelson, NYLJ, Aug. 10, 1993, at 21, col 2 [App Term, 1st Dept]). The stipulation conclusively demonstrates the absence of an “ ‘ongoing, substantial, physical nexus with the controlled premises for actual living purposes’ ” (Sommer v Ann Turkel, Inc., 137 Misc 2d 7, 10) which is necessary for continued protection of the tenancy.
It is noted that tenant has failed to appear in this appeal.
Issuance of the warrant shall be stayed for 30 days after service of a copy of this order with notice of entry.
Parness, P. J., Freedman and Davis, JJ., concur.